UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

BEVERLY J. KENT,  Case No. 14-31499
 Chapter 7 Proceeding
Debtor.  Hon. Daniel S. Opperman
_____/

OPINION REGARDING CREDITOR WARREN MARMORSTEIN'S MOTION FOR ORDER COMPELLING TRUSTEE TO FILE ADVERSARY PROCEEDING OR ALLOWING CREDITOR TO FILE ADVERSARY PROCEEDING ON BEHALF OF THE BANKRUPTCY ESTATE, TO RECOVER FRAUDULENT TRANSFERS MADE BY THE DEBTOR

Procedural Background and Facts

A hearing was held on March 30, 2016, regarding the issue of whether a fraudulent conveyance action is a derivative action the Chapter 7 Trustee can sell. Because the issue of standing to sell must first be determined, the Court allowed the parties the right to file additional briefs. After consideration of arguments and briefs, the Court's opinion addresses this issue only.

The Debtor filed this Chapter 7 bankruptcy case on May 20, 2014. Thus, pursuant to 11 U.S.C. § 548(a) the statute of limitations expiration date for trustee avoidance actions under 11 U.S.C. § 548 is May 19, 2016. Creditor Warren Marmorstein ("Creditor") is Debtor's largest unsecured creditor, filing a claim in the amount of $284,736.83. The other unsecured claims consist of two small unsecured claims in the total amount of $560, as well as State of Michigan

1

tax claims in the approximate total amount of $14,000.00.

Creditor files the instant motion to compel the Chapter 7 Trustee Samuel Sweet ("Trustee") to commence an adversary proceeding to pursue certain alleged fraudulent transfers allegedly made by Debtor. Alternatively, Creditor requests that he be allowed to file the adversary proceeding on behalf of the bankruptcy estate to recover these transfers. The Trustee has declined to commence an adversary proceeding due to the expense involved, which may not be outweighed by the potential recovery. However, the Trustee proposes to sell to Creditor the right to commence and recover from this potential fraudulent transfer action. The Debtor wishes to pursue her objections to the claim of Creditor, which may impact Creditor's standing as well.[1]

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and E. D. Mich. LR 83.50(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Applicable Law

The issue before the Court is analyzed under competing case law that exists on this subject. Both the Trustee and Creditor have filed post-hearing briefs summarizing the current state of the law on the issue of derivative standing, and both agree there is no controlling authority in this Circuit. Both also agree that persuasive authority exists on both sides that is non-

---

[1] The Court does not address the Debtor's proposed course of action, which includes a tolling of the statute of limitations agreement except to note there may be practical reasons to explore and follow this course of action.

2

controlling. The Court begins its analysis with a decision of the United States Supreme Court in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 7 (2000), which held that in analyzing 11 U.S.C. § 506, the trustee has a unique role in a bankruptcy proceeding, making "it entirely plausible that Congress would provide a power to him and not others." In the specific area of derivative standing, the Sixth Circuit Court of Appeals decision in *Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd (In re Gibson Group, Inc.),* 66 F.3d 1436, 1446 (6th Cir. 1995), involved a Chapter 11 debtor, in which the Sixth Circuit Court of Appeals determined that derivative standing did exist for a creditor to pursue such action on behalf of the debtor in possession. In a previous decision of the Sixth Circuit Court of Appeals, *Tanner v. United States (In re Automated Business Systems, Inc.)*, 642 F.2d 200, 201-02 (6th Cir. 1981), a case under the Bankruptcy Act, concluded that a creditor in that case would be allowed to pursue an action in place of a bankruptcy trustee, thereby indicating that derivative standing for Chapter 7 trustees may exist in some circumstances.

The Bankruptcy Appellate Panel for the Sixth Circuit in *Jefferson County Bd. of County Comm'rs v. Voinovich (In re The V Companies)*, 292 B.R. 290 (B.A.P. 6th Cir. 2003), held that the Sixth Circuit's holding in *Gibson Group*, a case involving a Chapter 11 debtor in possession, should extend to Chapter 7 trustees. *Id*. at 298. The *V Companies* Court thus determined that granting derivative standing to a creditor in a Chapter 7 case was authorized under *Gibson Group*, and that such a holding was consistent with the Supreme Court's ruling in *Hartford*. *Id*.

Decisions exist in other circuits that support the derivative standing of a creditor in Chapter 7 cases and the right of a trustee to sell that cause of action. *See Cadle Co. V. Moore (In*

*re Moore)*, 608 F.3d 253, 257-58 (5th Cir. 2010) (a Chapter 7 trustee may sell causes of action belonging to the estate under Section 363(b) and Section 541(a)(1)); *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 782-83 (9th Cir. 1999) (Chapter 7 trustee may transfer right to sue various individuals and avoid various transactions to a creditor).

Analysis

As both sides agree, the Sixth Circuit Court of Appeals has not directly addressed the issue of derivative standing in a Chapter 7 case to sell a cause of action. What the Trustee is proposing is to sell these causes of action, not merely have Creditor step into his shoes to pursue such in the Trustee's name with all benefits inuring to the bankruptcy estate.

As a starting point, it is undisputable that the Trustee may sell property of the estate pursuant to 11 U.S.C. § 363(b). What is disputed is whether what the Trustee is proposing to sell is an estate asset, or is a power conferred upon the Trustee by virtue of the Bankruptcy Code to avoid certain transfers as fraudulent. The Court concludes it is the latter, and further concludes that the Trustee may not sell this estate asset, but that it is permissible for the Trustee to allow Creditor derivative standing to pursue these avoidance actions on behalf of the estate. The Court agrees with the conclusions and well reasoned analysis of the Sixth Circuit Bankruptcy Appellate Panel in the *V Companies* case. Like the instant case, the *V Companies* case involved a Chapter 7 trustee. However, unlike the *V Companies* case, the trustee in that case was not granted authority to sell the avoidance actions, but rather, the creditor was granted derivative standing to pursue such on behalf of the trustee.

The Court follows the *V Companies* decision and agrees with those post-*Hartford* cases, that allow for derivative standing in the Chapter 7 context. The Court concludes that such a

4

conclusion is supported by *Gibson* and does not contradict the Supreme Court's decision in *Hartford*, especially in light of footnote 5 of the *Hartford* decision.

## Conclusion

For the foregoing reasons, the Court concludes that it does have the authority to grant the Creditor derivative standing to pursue any fraudulent transfer actions the Trustee may possess on behalf of the bankruptcy estate. However, the Trustee does not have the authority to sell any such potential fraudulent transfer actions because to hold such would exceed the holdings of the *Hartford*, *Gibson*, and *V Companies* Courts. If the parties deem an order incorporating this preliminary legal determination is necessary, counsel for Creditor is directed to prepare an Order consistent with this Opinion.

**Not for Publication**

**Signed on May 05, 2016**

                                               **/s/ Daniel S. Opperman**
                                               **Daniel S. Opperman**
                                               **United States Bankruptcy Judge**

5

14-31499-dof    Doc 64    Filed 05/05/16    Entered 05/05/16 16:06:17    Page 5 of 5