UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    BEVERLY JUNE KENT,                      Case No. 14-31499-dof
                                                         Chapter 7 Proceeding
            Debtor.                              Hon. Daniel S. Opperman
_____/

OPINION REGARDING STANDING OF DEBTOR TO OBJECT TO
PROOF OF CLAIM OF WARREN MARMORSTEIN

Introduction

This case is like a chess match. The two parties, the Debtor and Warren Marmorstein, each make a move to counter the previous move made by the other. Mr. Marmorstein believes he can recover $192,000.00 for the estate and has filed an adversary proceeding against the Debtor's relatives to accomplish that result. To stop this action, the Debtor objects to Mr. Marmorstein's proof of claim because she thinks her signature on a guarantee is forged.[1] If she is correct, the guarantee is invalid and the remaining claims in the estate total $11,681.57. If she is incorrect, Mr. Marmorstein's claim is valid and the claims total $296,418.40. In response, Mr. Marmorstein argues the Debtor lacks standing. Since a surplus estate may exist if the Debtor is correct, the Court holds the Debtor has standing to object to Mr. Marmorstein's proof of claim.

Procedural Background and Facts

Mr. Marmorstein filed a claim in this bankruptcy case on November 3, 2014, in the amount

---

[1] The Debtor makes a number of arguments supporting her contention that the signature on the guarantee is not hers, primarily because the signature is a forgery. For the sake of brevity, the Court refers to these arguments as "forgery" and will address the details in future proceedings.

1

of $284,736.83, consisting of $185,000.00 in principal, $48,091.00 in attorney's fees and court costs, as well as $51,645.83 in interest from November 2, 2008, to the date of the filing of the proof of claim. Mr. Marmorstein's claim arises out of an action commenced by him against Debtor in the District Court for the Eastern District of Michigan, which alleged breach of personal guaranty, breach of implied contract, unjust enrichment, silent fraud and innocent misrepresentation and fraud based upon an alleged written agreement signed by Debtor to guarantee debts owed by Debtor's son, Robert Allen Kent, to Mr. Marmorstein. Mr. Marmorstein asserts the written agreement guaranteeing these debts is dated October 22, 2008. Robert Kent did not pay the amount owed to Mr. Marmorstein, so he sought and obtained a Default Final Judgment of $230,410.00 against Robert Kent in state court. To date, no judgment has been entered against the Debtor regarding this claim.

On May 6, 2016, after an Opinion issued by this Court the day prior, the Court entered an Order granting Mr. Marmorstein derivative standing in place of the Chapter 7 Trustee to institute an adversary proceeding on behalf of the bankruptcy estate against three of Debtor's family members, Randall Kent, Ronalee Kent, and Richard Kent. In that Order, the Court also denied Mr. Marmorstein's request to compel the Trustee to file such an adversary proceeding and likewise denied the Chapter 7 Trustee's request to sell the avoidance actions to Mr. Marmorstein. Mr. Marmorstein commenced that adversary proceeding on May 16, 2016, which is pending as A.P. No. 16-3064, and is brought pursuant to 11 U.S.C. § 548 to recover alleged fraudulent transfers that were made by Debtor to these family members ("Fraudulent Transfer Action"). That adversary proceeding is currently held in abeyance per this Court's Order dated June 14, 2016, to allow for the instant objection to claim to be filed by Debtor and decided first.

Debtor objects to Mr. Marmorstein's claim, asserting that she did not guarantee this loan for her son, Robert Kent, as Mr. Marmorstein alleges in his Proof of Claim. Debtor asserts that the document relied upon by Mr. Marmorstein purporting to demonstrate her status as a guarantor of this debt is a forgery or a document that has been tampered with, and any alternative argument as to an oral guarantee Debtor may have made fails under the Statute of Frauds. Mr. Marmorstein disputes that Debtor's that the guarantee is a forgery, asserting that a forensic opinion was obtained during the District Court action.

Presently, Mr. Marmorstein argues the Debtor does not have standing to object to his claim, because she will not receive anything from this bankruptcy estate; thus, it cannot be considered what has been termed a "surplus estate." Further, while acknowledging that he is pursuing the Fraudulent Transfer Action on behalf of the estate, Mr. Marmorstein argues that Debtor has no interest in any proceeds that may be recovered and, therefore, has no interest in the allowance or disallowance of claims such as his.

Debtor responds that while there are currently no assets in this bankruptcy estate, if Mr. Marmorstein is successful in the Fraudulent Transfer Action against her family members, there would be a surplus estate if Mr. Marmorstein's claim is disallowed. Mr. Marmorstein's claim of $284,736.83 comprises the significant majority of claims filed in this case, which total $296,418.40, and if successful in the Fraudulent Transfer Action, seeking damages in a total amount of "at least" $192,000.00, a surplus estate will clearly result after payment on the remaining claims of $11,681.57, and any costs of administration.

Because the issue of standing must first be determined, the Court allowed the parties the opportunity to file additional briefs. After consideration of arguments and briefs, the Court's

3

opinion addresses this issue only.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate). Standing is a jurisdictional requirement, which the court is under an obligation to verify at any stage of a case. *Harker v. Troutman (In re Troutman Enterprises, Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002).

## Law and Analysis

In order to demonstrate standing generally, a party must meet three elements:

(1) actual or threatened injury resulting from the conduct or action of another;

(2) an injury which can be traced to the challenged conduct or action; and

(3) the injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008) (citation omitted). The first element is usually the impediment to standing for Chapter 7 debtors: Whether there exists an actual or threatened injury, which is demonstrated by the debtor's pecuniary interest in the outcome of a decision by the bankruptcy court. *Id*. (citing *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998)). While Chapter 7 debtors rarely have a pecuniary interest in the outcome in a decision in their case, an exception exists if it appears there will be a surplus in the case. *Id*. (citing *In re Coleman*, 131 B.R. 59, 60-61 (Bankr. N.D. Tex. 1991). A second exception exists when the claim at issue involves a debt that may not be discharged. *Normali v. O'Donnell (In re O'Donnell),* 326 B.R. 901, at *6 (B.A.P. 6th Cir. 2005) (unpublished decision). A third exception has been found to exist when a trustee has not been appointed, or if the trustee has "unjustifiably refused to object to a claim." *In re Curry*, 409 B.R. 831, 837-38 (Bankr.

4

N.D. Tex. 2009).

In this case, a Chapter 7 Trustee has been appointed, and neither Debtor or Mr. Marmorstein assert that the Chapter 7 Trustee has unjustifiably refused to object to Mr. Marmorstein's claim. There is also no dispute that this claim is otherwise dischargeable as the deadline for objecting to discharge and/or dischargeability of this particular debt has long since passed. Thus, Debtor must demonstrate she has a pecuniary interest in the outcome of this claim objection.

The facts of this case are unusual because Mr. Marmorstein has been given the authority to pursue the Fraudulent Transfer Action, with any recovery to be for the benefit of the bankruptcy estate. On one side, Mr. Marmorstein controls the potential for surplus, as he stands in the shoes of the Chapter 7 Trustee. On the other side, his claim, if allowed in full, would impede a surplus estate. This places the parties in a conundrum. The Court must resolve this conundrum by first determining whether there is a reasonable potential for a surplus estate. The Court concludes that a reasonable potential does exist. Mr. Marmorstein's derivative standing as Plaintiff in the Fraudulent Transfer Action supports a conclusion that he believes the potential for recovery of at least $192,000.00 exists. Further, the factual issues involved with Debtor's objection to Mr. Marmorstein's claim supports a conclusion that disallowance of this claim in full is a possibility. With the open issues of fact surrounding this claim objection, the Court concludes that Debtor does have a potential pecuniary interest in the outcome of this claim objection.

Also, it strikes this Court that whether the Debtor's signature is forged is possibly determinative of the future course of this case. If her signature is indeed forged, then Mr. Marmorstein does not have a valid claim and lacks standing to continue the Fraudulent Transfer Action. Moreover, the finite issue of the validity of Debtor's signature seems straightforward and capable of a definite resolution. A quick determination of this issue could save the parties hours of

5

14-31499-dof    Doc 87    Filed 01/06/17    Entered 01/06/17 11:23:55    Page 5 of 6

work and reduce expenses tremendously. As Federal Rule of Bankruptcy Procedure 1001 directs this Court to secure the just, speedy and inexpensive determination of every case and proceeding, a determination of whether the guarantee has a forged signature would bring this matter to conclusion quickly. Moreover, the Court is reminded that the judiciary is charged with finding methods to avoid unnecessary costs and delays. Here, if the Debtor's signature on the guarantee is forged which means that Mr. Marmorstein does not have a claim in this estate, extensive litigation is avoided. If the signature is valid, settlement may become more likely.

For the reasons stated above, the Court holds that Debtor does have standing to object to the claim of Warren Marmorstein. The Court will enter a separate order, and schedule a telephonic status conference regarding this Claim Objection.

**Signed on January 06, 2017**

                                                  **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**